# UNITED STATES DISTRICT COURT

for the

## Western District of Kentucky
## Bowling Green Division

| | | |
|---|---|---|
| Joseph L. Islas | ) | |
| *Plaintiff* | ) | |
| | ) | |
| v. | ) | Case No. `1:16-cv-141-GNS` |
| | ) | |
| First Resolution Investment Corp. | ) | |
| *Defendant* | ) | |
| Serve: | ) | |
|     Corporate Service Center, Inc. | ) | |
|     5605 Riggins Court, Suite 200 | ) | |
|     Reno, NV 89502 | ) | |
| | ) | |
| Unifund CCR, LLC | ) | |
| *Defendant* | ) | |
| Serve: | ) | |
|     Corporation Service Company | ) | |
|     421 West Main Street | ) | |
|     Frankfort, KY 40601 | ) | |
| | ) | |
| Unifund CCR Partners | ) | |
| *Assumed Name for* | ) | |
| Credit Card Receivables Fund, Inc. *and* | ) | |
| ZB Limited Partnership | ) | |
| *Defendant* | ) | |
| Serve: | ) | |
|     Credit Card Receivables Fund, Inc. | ) | |
|     c/o Corporation Service Company | ) | |
|     2711 Centerville Road | ) | |
|     Suite 400 | ) | |
|     Wilmington, DE 19808 | ) | |
| | ) | |
|     ZB Limited Partnership | ) | |
|     c/o Corporation Service Company | ) | |
|     2711 Centerville Road | ) | |
|     Suite 400 | ) | |
|     Wilmington, DE 19808 | ) | |

## CLASS ACTION COMPLAINT
## and DEMAND FOR JURY TRIAL

\*       \*       \*       \*       \*

### INTRODUCTION

1.      This is an action brought by a consumer for violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 - 1692o ("FDCPA") and KRS 360.020.

### JURISDICTION

2.      This Court has jurisdiction pursuant to 28 U.S.C. § 1331, and the FDCPA, 15 U.S.C. §1692k(d). Plaintiff Joseph L. Islas asks the Court to take supplemental jurisdiction over his related state statutory claims under 28 U.S.C. § 1367.

### PARTIES

3.      Plaintiff Joseph L. Islas is a natural person who resides in Warren County, Ky. Mr. Islas is a "consumer" within the meaning of the FDCPA, as defined at 15 U.S.C. § 1692a(3).

4.      First Resolution Investment Corp. ("FRIC") is a foreign corporation that is not registered with the Kentucky Secretary of State. FRIC is engaged in the business of purchasing debt from creditors and collecting these debts in this state. FRIC's principal place of business is located at 10625 Techwoods Circle, Cincinnati, OH 45242.

5.      FRIC is a "debt collector" as defined by the FDCPA. 15 U.S.C. § 1692a(6).

6.      Unifund CCR, LLC is a foreign limited liability company that has registered with the Kentucky Secretary of State. Unifund CCR, LLC is engaged in the business of purchasing debt from creditors and collecting these debts in this state. Unifund CCR, LLC's principal place of business is located at 10625 Techwoods Circle, Cincinnati, OH 45242.

7.      Unifund CCR, LLC is a "debt collector" as defined by the FDCPA. 15 U.S.C. § 1692a(6).

8.      Unifund CCR Partners is a New York general partnership comprising two partners: Credit Card Receivables Fund, Inc. and ZB Limited Partnership.

9.      Unifund CCR Partners is a foreign limited liability company that has registered with the Kentucky Secretary of State. Unifund CCR Partners is engaged in the business of purchasing debt from creditors and collecting these debts in this state. Unifund CCR Partners' principal place of business is located at 10625 Techwoods Circle, Cincinnati, OH 45242.

10.     Unifund CCR Partners is a "debt collector" as defined by the FDCPA. 15 U.S.C. § 1692a(6).

## RELEVANT FACTS

### I.      The State Court Lawsuit

11.     On March 31, 2011, FRIC filed suit against Mr. Islas in the Warren District Court of Warren County, Kentucky under case number 11-C-01099 (the "State Court Lawsuit"). A copy of the complaint in the State Court Lawsuit is attached hereto as Exhibit "A."

12.     FRIC's complaint in the State Court lawsuit was an attempt to collect a charged-off credit card originated by Chase Manhattan Bank USA, National Association ("Chase"). Chase charged off the credit card at issue in 1998. So the State Court Lawsuit was an attempt to collect a thirteen-year-old debt.

13.     Upon information and belief, Mr. Islas never had a Chase account as alleged in the State Court Lawsuit.

14.     Upon information and belief, the Chase credit card at issue would have been used solely for personal, family, or household purposes, which makes the Chase credit card debt a "debt" within the meaning of the FDCPA.

15.     The State Court Lawsuit avers *inter alia* that Mr. Islas owed FRIC the principal amount of $2,010.78 plus interest at the rate of 21.00% per annum from March 28, 1999.

16.     FRIC moved for default judgment in the State Court Lawsuit on July 20, 2011. FRIC's motion for default judgment included no documents that established either Mr. Islas's liability for the Chase debt or its right to 21% interest. A copy of FRIC's motion for default judgment is attached hereto as Exhibit "B."

17.     The Warren District Court entered default judgment in FRIC's favor on July 20, 2011 (the "Judgment"). A copy of the Judgment is attached hereto as Exhibit "C."

18.      The Judgment awarded FRIC a principal amount of $2,010.78 at 21% interest per annum from March 28, 1999, subject to a credit of $70.00 paid as of June 2, 2011, until the judgment was paid. *Id.*  The Judgment also awarded FRIC $442.37 in attorney's fees and "it's court costs [*sic*]."

### II.     FRIC's Collection of Self-Awarded Court Costs

19.     While the Judgment awards "court costs" to FRIC, no amount of court costs is included or set forth in the amount of the judgment.

20.     Under Kentucky law, court costs awarded under Ky. Civ. R. P. 54.04, which requires the prevailing party to file and serve a bill of costs on the defendant:

> A party entitled to recover costs shall prepare and serve upon the
> party liable therefor a bill itemizing the costs incurred by him in

the action, including filing fees, fees incident to service of process and summoning of witnesses, jury fees, warning order attorney, and guardian ad litem fees, costs of the originals of any depositions (whether taken stenographically or by other than stenographic means), fees for extraordinary services ordered to be paid by the court, and such other costs as are ordinarily recoverable by the successful party. If within five days after such service no exceptions to the bill are served on the prevailing party, the clerk shall endorse on the face of the judgment the total amount of costs recoverable as a part of the judgment. Exceptions shall be heard and resolved by the trial court in the form of a supplemental judgment.

Ky.CR 54.04(2).

21.     The purpose of requiring the prevailing party to file a bill of costs is twofold: **(i)** to give the losing party a chance to review and challenge the costs and amount of costs claimed by the prevailing party, and **(ii)** to subject the award of costs to judicial oversight and review.

22.     If a prevailing party fails to file a bill of costs as required by law, the prevailing party may not recover court costs from the losing party.

23.     FRIC did not file a bill of costs in the State Court Lawsuit.

24.     FRIC did not serve a bill of costs on Mr. Islas.

25.     There is no supplemental judgment entered in the State Court Lawsuit awarding FRIC costs.

26.     On August 25, 2011, FRIC recorded a Notice of Judgment Lien on Real Estate (the "Judgment Lien") with the Warren County Clerk of Warren County, Kentucky in accordance with KRS 427.060 pursuant to the Judgment. A copy of the Judgment Lien is attached hereto as Exhibit "D."

27.     The Judgment Lien affirmatively states that Mr. Islas owed FRIC $74.18 in court costs, and also that FRIC credited $105.00 in payments from Mr. Islas towards the Judgment.

28.     FRIC included a $13.00 lien filing fee in its self-awarded court costs. The $13.00 lien filing fee is charged by the Warren County Clerk, which is part of the Executive Branch of Kentucky government.

29.     FRIC applied some or all of payments received from Mr. Islas prior to August 25, 2011 towards its self-awarded court costs and collection expenses, including but not limited to its recording fee of $13.00 for recording the Judgment Lien.

30.     Lien recording fees paid to county clerks are not "court costs" recoverable by a

prevailing party in litigation under Kentucky law, as they are neither costs incurred in litigation nor costs paid to the court or its officers. CR 54.04; KRS 453.050; *Porter v. Citizens Fidelity Bank & Trust Co.*, 554 S.W.2d 397 (Ky. Ct. App. 1977); *Commonwealth Transp. Cabinet, Dept. of Highways v. Wireman*, 714 S.W.2d 159 (Ky. Ct. App. 1986); *Capital One Bank (USA), N.A. v. Chris J. Hawksley*, Bullitt District Court, Case No. 14-C-01471, Order of November 5, 2015.[1]

31.    On September 25, 2013, FRIC filed a wage garnishment against Mr. Islas in an attempt to collect the Judgment (the "First Garnishment"). A true and correct copy of the First Garnishment is attached hereto as Exhibit "E."

32.    The First Garnishment affirmatively stated that Mr. Islas owed FRIC court costs of $129.18, or $55.00 greater than the amount of costs stated in its Judgment Lien.

33.    The record in the State Court Lawsuit does not reflect that FRIC took any actions in between the recording of the Judgment Lien and the filing of the First Garnishment that would have led to an expenditure of any court costs, much less additional court costs of $55.00.

34.    On or about March 19, 2015, the Unifund Group acquired all of FRIC's assets.

35.    Upon information and belief, the Unifund Group acquired the FRIC judgment against Mr. Islas as part of this acquisition.

36.    Unifund CCR, LLC and Unifund CCR Partners are affiliates of the Unifund Group ("Unifund").

37.    On February 8, 2016, Michael J. Keeney entered his appearance as counsel for FRIC in the State Court Lawsuit.

38.    On May 2, 2016, FRIC, by and through its new counsel, filed a non-wage garnishment against Mr. Islas in an attempt to collect the Judgment (the "Second Garnishment"). A true and correct copy of the Second Garnishment is attached hereto as Exhibit "F."

39.    The Second Garnishment states that $17,391.64 is due and owing on the Judgment as of the date of the garnishment, together with "Probable Court Costs" of $163.18, or $34.00 greater than the amount of costs stated in the First Garnishment.

40.    FRIC and/or Unifund collected approximately $500.00 by means of the Second Garnishment.

41.    FRIC and/or Unifund applied some of the approximately $500.00 it collected by means of the Second Garnishment towards recovery of its self-awarded "Probable Court Costs" of $163.18 as stated in the Second Garnishment.

42.    On July 26, 2016, FRIC filed a wage garnishment against Mr. Islas in an attempt

---

[1] A copy of the Bullitt District Court's Order of November 5, 2015 in *Capital One v. Hawksley* is attached hereto as Exhibit "I."

to collect the Judgment (the "Third Garnishment"). A true and correct copy of the Third Garnishment is attached hereto as Exhibit "G."

43.     The Third Garnishment states that $17,009.93 is due and owing on the Judgment as of the date of the garnishment, together with "Probable Court Costs" of $20.00.

44.     On July 29, 2016, FRIC filed a second Notice of Judgment Lien on Real Estate (the "Second Lien") pursuant to the Judgment, even though it had not released the first Judgment Lien. A true and correct copy of the Second Lien is attached hereto as Exhibit "H."

45.     The Second Lien states that as of June 30, 2016, Mr. Islas owed FRIC $16,886.02 on the Judgment, together with "Court Costs to Date" of $0.00.

46.     The actual, potentially recoverable court costs incurred by FRIC in the State Court Lawsuit were no more than $125.00.

47.     FRIC and/or Unifund have, since August 25, 2011, collected at least $250.00 in self-awarded court costs and collection expenses from Mr. Islas without complying with Ky. R. Civ. P. 54.04 by filing the mandatory Bill of Costs identifying the costs it claimed and self-awarded.

### III.     FRIC's Collection of Grossly Inflated and Usurious Interest

48.     The Second Garnishment stated that the "Amount Due" on the Judgment was $17,391.64 as of May 2, 2016.

49.     The Third Garnishment stated that the "Amount Due" on the Judgment was $17,009.93 as of July 26, 2016.

50.     The amount due on the Judgment as stated in the Second and Third Garnishments grossly inflates the amount due under the plain terms of the Judgment.

51.     The Judgment awards FRIC "the sum of $2,010.78 plus interest at the rate of 21.00% per annum from March 28, 1999 until the date of judgment, subject to a credit of $70.00 paid as of June 02, 2011, then 21.00% per annum thereafter from the date of judgment until paid, and further the sum of $442.37 attorney's fees…"

52.     The default judgment was entered on July 20, 2011.

53.     There are 4,498 days between March 28, 1999 and July 20, 2011.

54.     So the total interest on the Chase credit card debt at issue in the case as of the date of the Judgment was $5,203.68 (4,498 days*.24/365 days*$2,010.78).

55.     This means the total principal and interest of the Judgment on July 20, 2011, less

credits for amounts paid, was $7,144.46 ($2,010.78 + $5,203.68 - $70.00).

56.    So the amount in the Judgment subject to post-judgment interest was $7,144.46.

57.    There are 1,749 days between July 20, 2011 and May 2, 2016 (the date FRIC served the Second Garnishment).

58.    So the total interest on the Judgment as of the date on which FRIC filed the Second Garnishment was $7,189.28 (1,749 days*.24/365 days* $7,144.46).

59.    This means that the total principal and interest due on the Judgment as of May 2, 2016 was $14,333.74.

60.    Adding attorney's fees of $442.37 to the judgment amount makes the total amount due on the Judgment as of May 26, 2016 no greater than $14,776.11, or $2,615.53 *less* than the amount FRIC and/or Unifund claimed was due under the Judgment in the Second Garnishment.

61.    Similarly, the total interest due on the Judgment as of July 26, 2016, the date on which FRIC filed the Third Garnishment, was $7538.68, making the total amount due on the Judgment, inclusive of attorney's fees, no greater than $15,125.51, or $1,884.42 less than the amount FRIC and/or Unifund claimed was due under the judgment in the Third Garnishment.

62.    The legal rate of interest under Kentucky law is 8.00% per annum.

63.    The 21.00% per annum interest rate awarded to FRIC in the Judgment is grossly in excess of the legal rate.

64.    The 21.00% per annum interest rate awarded to FRIC in the Judgment is usurious under Kentucky law. Consequently, FRIC, or Unifund as FRIC's successor in interest, has forfeited its right to recover *any* interest from Mr. Islas by garnishing his wages and financial accounts at a usurious interest rate:

> The taking, receiving, reserving, or **charging a rate of interest greater than is allowed by KRS 360.010**, when knowingly done, **shall be deemed a forfeiture of the entire interest** which the note, bill, or other evidence of debt carries with it, or which has been agreed to be paid thereon.

KRS 360.020 (bolding added).

65.    Further, Mr. Islas has the right to recover twice the usurious interest paid to Unifund under the First through Third Garnishments:

> In case the greater rate of interest has been paid, the person by whom it has been paid, or his legal representatives, may recover, in an action in the nature of an action of debt, twice the amount of the interest thus paid from the creditors taking

or receiving the same: provided, that such action is commenced within two (2) years from the time the usurious transaction occurred.

*Id.*

66.     The Judgment is no bar to Mr. Islas's cause of action under KRS 360.020. *Sherley v. Trabue*, 85 Ky. 71, 2 S.W. 656, 657 (1887) ("Our conclusion is that the borrower may recover usury paid by him either upon a judgment at law or in equity, and that he may do so by an action at law."). *Accord Courtney v. Dunning*, 201 Ky. 242, 256 S.W. 411, 412 (1923).

67.     The funds taken out of Mr. Islas's pay and financial accounts have caused great economic hardship for Mr. Islas.

68.     FRIC and/or Unifund violated the FDCPA by taking usurious interest from Mr. Islas, by misrepresenting the amount of the debt in its garnishments and judgment liens, including costs and fees in the amount of court costs listed in the its garnishments that are not allowable as court costs, and including a claim for court costs in its garnishments and judgment liens where no Bill of Costs was filed in the State Court Lawsuit.

## IV.     Further Factual Allegations

69.     As a pattern and practice in their post-judgment collection activities against numerous Kentucky consumers, and similar to their post judgment collection activities against Plaintiff Joseph L. Islas, FRIC and/or Unifund have collected or attempted to collect court costs pursuant to judgments they obtained against numerous Kentucky consumers for "debts" within the meaning of the FDCPA without filing a bill of costs as set forth by KRS 453.050 and required by Ky. R. Civ. P. 54.04.

70.     As a pattern and practice in their post-judgment collection activities against numerous Kentucky consumers, and similar to their post judgment collection activities against Plaintiff Joseph L. Islas, FRIC and/or Unifund have collected or attempted to collect lien recording fees pursuant to judgments they obtained against numerous Kentucky consumers for "debts" within the meaning of the FDCPA without filing a bill of costs as set forth by KRS 453.040 and required by Ky. R. Civ. P. 54.04, and that regardless they had no legal right to collect because they are not recoverable expenses for judgment creditors under Kentucky law.

71.     As a pattern and practice in their post-judgment collection activities against numerous Kentucky consumers, and similar to their post judgment collection activities against Plaintiff Joseph L. Islas, FRIC and/or Unifund have collected or attempted to collect pursuant to judgments they obtained against numerous Kentucky consumers filing fees it paid to court clerks for orders of garnishment filed and garnishment fees paid to garnishees, for both wage and non-wage garnishments, for "debts" within the meaning of the FDCPA without filing a bill of costs as set forth by KRS 453.050 and required by Ky. R. Civ. P. 54.04, and that regardless they had no legal right to collect because some or all of those garnishment expenses are not recoverable by judgment creditors under Kentucky law.

72.    As a pattern and practice in their post-judgment collection activities against numerous Kentucky consumers, and similar to their post judgment collection activities against Plaintiff Joseph L. Islas, FRIC and/or Unifund have collected or attempted to collect pursuant to judgments they obtained against numerous Kentucky consumers interest on "debts" within the meaning of the FDCPA in excess of the allowable rate under KRS 360.010.

## CLASS ALLEGATIONS

73.    Plaintiff Joseph L. Islas ("Islas") brings this action individually and as a class action on behalf of all persons in the Commonwealth of Kentucky similarly situated comprised of the following persons:

**CLASS I:**  All Kentucky consumers against whom Defendants First Resolution Investment Corp., Unifund CCR, LLC and Unifund CCR Partners, and/or their respective predecessors in interest, agents, employees, or representatives, filed a lawsuit in a Kentucky state court and obtained a judgment against such consumer and collected, or attempted to collect, court costs from the consumer without filing a bill itemizing costs it intended to recover as required by Ky. R. Civ. P. 54.04 and in violation of KRS 453.050. Class I is further subdivided as follows:

> **Subclass I.A:** Those members of Class I against whom such conduct occurred within one (1) year prior year to the date of filing this complaint for purposes of the FDCPA, 15 U.S.C. § 1692 *et seq*., for a debt within the meaning of the FDCPA.

> **Subclass I.B:** Those members of Class I against whom such conduct occurred within five (5) years prior to the date of filing of this complaint for violation of Kentucky statute KRS 453.050 and Ky. R. Civ. P. 54.04, and pursuant to the five (5) year statute of limitations for such conduct which violates a statute as set out in KRS 413.120(2).

**CLASS II:**  All Kentucky consumers against whom Defendants First Resolution Investment Corp., Unifund CCR, LLC and Unifund CCR Partners, and/or their respective predecessors in interest, agents, employees, or representatives, filed a lawsuit in a Kentucky state court, obtained a judgment against such consumer, and collected or attempted to collect a fee paid by First Resolution Investment Corp., Unifund CCR, LLC, Unifund CCR Partners, or their respective predecessors in interest to file a "Notice of Judgment Lien Upon Real Estate" against the consumer. Class II is further subdivided as follows:

> **Subclass II.A:** Those members of Class II against whom such conduct occurred within one (1) year prior year to the date of filing this complaint for purposes of the FDCPA, 15 U.S.C. § 1692 *et seq*., for a debt within the meaning of the FDCPA.

> **Subclass II.B:** Those members of Class II against whom such conduct occurred within five (5) years prior to the date of filing of this complaint for violation of Kentucky statute KRS 453.050 and Ky. R. Civ. P. 54.04, and pursuant to the five (5) year statute of limitations for such conduct which violates a statute as set out in KRS 413.120(2).

**CLASS III:**  All Kentucky consumers against whom Defendants First Resolution Investment

Corp., Unifund CCR, LLC and Unifund CCR Partners, and/or their respective predecessors in interest, agents, employees, or representatives, filed a lawsuit in a Kentucky state court and obtained a judgment against such consumer and collected, or attempted to collect, the fee paid by First Resolution Investment Corp., Unifund CCR, LLC, Unifund CCR Partners, or their respective predecessors in interest to the state court clerk and/or the fee paid to the garnishee pursuant to First Resolution Investment Corp., Unifund CCR, LLC, Unifund CCR Partners, or their respective predecessors in interest filing an order of wage or non-wage garnishment against such consumer. Class III is further subdivided as follows:

> **Subclass III.A:** Those members of Class III against whom such conduct occurred within one (1) year prior year to the date of filing this complaint for purposes of the FDCPA, 15 U.S.C. § 1692 *et seq.*, for a debt within the meaning of the FDCPA.

> **Subclass III.B:** Those members of Class III against whom such conduct occurred within five (5) years prior to the date of filing of this complaint for violation of Kentucky statute KRS 453.050 and Ky. R. Civ. P. 54.04, and pursuant to the five (5) year statute of limitations for such conduct which violates a statute set out in KRS 413.120(2).

**CLASS IV:**  All Kentucky consumers against whom Defendants First Resolution Investment Corp., Unifund CCR, LLC and Unifund CCR Partners, and/or their respective predecessors in interest, agents, employees, or representatives, filed a lawsuit in a Kentucky state court and obtained a judgment against such consumer and collected, or attempted to collect, interest in a rate or amount in excess of that allowed by KRS 360.010. Class IV is further subdivided as follows:

> **Subclass IV.A:** Those members of Class IV against whom such conduct occurred within one (1) year prior year to the date of filing this complaint for purposes of the FDCPA, 15 U.S.C. § 1692 *et seq.*, for a debt within the meaning of the FDCPA.

> **Subclass IV.B:** Those members of Class IV against whom such conduct occurred within five (5) years prior to the date of filing of this complaint for violation of Kentucky statute KRS 360.010, and pursuant to the five (5) year statute of limitations for such conduct which violates a statute set out in KRS 413.120(2).

74.    This action seeks actual damages for First Resolution Investment Corp., Unifund CCR, LLC and Unifund CCR Partners' violation of Kentucky state statutes pursuant to KRS 360.020 and 446.070; actual damages and maximum statutory damages under the FDCPA pursuant to 15 U.S.C. § 1692k(a)(2), for all members of the proposed classes; for injunctive relief against First Resolution Investment Corp., Unifund CCR, LLC and Unifund CCR Partners enjoining them from further violation of such state and federal law; and for an award of attorneys' fees and allowable court costs.

75.    The proposed Classes as set out *supra* and so represented by Plaintiff Joseph L. Islas  in this action, and of which he himself is a member, consists of those persons defined above which are so numerous that joinder of individual members is impracticable.

76.    Plaintiff's claims are typical of the claims of the proposed Classes as set out

*supra.*

77.     There are common questions of law and fact applicable to the members of the proposed Classes in this action that relate to and affect the rights of each member of the proposed classes, and the relief sought is common to the entire proposed class. In particular, all members of the proposed Classes have the same issues of law in common:

(a) Whether First Resolution Investment Corp., Unifund CCR, LLC, and Unifund CCR Partners acted unlawfully in attempting to collect court costs or post judgment collection expenses without first filing and serving a bill of costs as required by Ky. R. Civ. P. 54.04;

(b) Whether First Resolution Investment Corp., Unifund CCR, LLC, and Unifund CCR Partners acted unlawfully in collecting or attempting to collect from consumers post-judgment collection expenses, such as lien recording fees and fees paid to garnishees pursuant to KRS 425.501(3), which are not costs paid to the court or to its officers;

(c) Whether First Resolution Investment Corp., Unifund CCR, LLC, and Unifund CCR Partners acted unlawfully in collecting or attempting to collect from consumers interest in excess of the allowable rate under KRS 360.010.

80.     There is no known conflict between Plaintiff and any other members of the proposed Classes with respect to this action, or with respect to the claims for relief herein set forth.

81.     Plaintiff is the representative party for the proposed Classes and is able to, and will, fairly and adequately protect the interest of each of the proposed Classes.

82.     Plaintiff's attorneys are experienced and capable in the field of consumer rights, including FDCPA violations.

83.     Plaintiff's attorneys have successfully represented other claimants in similar litigation.

84.     The action is properly maintained as a class action in that the prosecution of separate actions by individual class members of the proposed Classes creates a risk of individual adjudications that would, as a practical matter, be dispositive of the interests of the other members not parties to the adjudication, or would substantially impair or impede their ability to protect their interest.

85.     This action is properly maintained as a class action because the prosecution of separate actions by individual members of the proposed Classes would create risk of varying individual adjudications, which would establish incompatible standards of conduct for Defendant.

86.     This action is properly maintained as a class action inasmuch as the questions of

law and fact common to the proposed class members predominate over any questions affecting only individual members; a class action is superior to other methods available for the efficient adjudication of the controversy; the relief sought by all members of the proposed Classes will be effective and appropriate for the entirety of each proposed class; and all members of the proposed Classes have a right to damages or other relief that may be readily computed in each case or otherwise readily determined.

87.     The identity of each individual member of the proposed class can be ascertained from the books and records maintained by Defendant.

88.     Because many of the persons who comprise the proposed class in this case may not be aware of their rights, or may not be in a financial position to readily assert their rights, and because relegation of their claims to individual actions would result in an unreasonable multiplicity of suits and a corresponding burden on this and other courts, a class action is far superior to all other methods for a fair and efficient adjudication of this controversy.

**Claims for Relief**

**I.      Claims against First Resolution Investment Corp., Unifund CCR, LLC, and/or Unifund CCR Partners**

**A.      Violations of the FDCPA**

89.     The foregoing acts and omissions of First Resolution Investment Corp., Unifund CCR, LLC, and/or Unifund CCR Partners constitute violations of the FDCPA, including, but not limited to violations of multiple sections of 15 U.S.C. § 1692e and 15 U.S.C. § 1692f.

**B.      Violation of KRS 453.050**

90.     The foregoing acts and omissions of First Resolution Investment Corp., Unifund CCR, LLC, and/or Unifund CCR Partners as alleged in numerical paragraphs 21-48 *supra* constitute violations of KRS 453.050, for which Plaintiff and the proposed Classes I, II, and III may seek actual damages pursuant to KRS 446.070.

**C.      Violation of KRS 360.020**

91.     First Resolution Investment Corp., and/or Unifund CCR, LLC and Unifund CCR Partners as successors in interest to First Resolution Investment Corp., filed two garnishments (the Second and Third Garnishments) that included simple interest accrued at a rate of 21% per annum.

92.     The 21% per annum accrued interest violates the interest permitted by KRS 360.010.

93.     By collecting usurious interest from Mr. Islas, First Resolution Investment Corp., Unifund CCR, LLC, and/or Unifund CCR Partners have forfeited the right to any interest from

Mr. Islas under the Judgment.

94.     Under KRS 360.020, Mr. Islas has the right to recover twice the usurious interest paid to First Resolution Investment Corp., Unifund CCR, LLC, and/or Unifund CCR Partners under the Second and Third Garnishments.


## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Joseph L. Islas requests that the Court grant him the following relief:

1. Award Plaintiff Joseph L. Islas and members of all proposed Classes maximum statutory damages under 15 U.S.C. § 1692k against each Defendant;

2. Award Plaintiff Joseph L. Islas and members of the proposed Classes I, II, and III their actual damages for unauthorized court costs, lien recording fees, and garnishment costs paid pursuant to the FDCPA and KRS 446.070;

3. Award Plaintiff Joseph L. Islas and members of the proposed Class IV twice the total usurious interest paid to First Resolution Investment Corp., Unifund CCR, LLC, and/or Unifund CCR Partners pursuant to KRS 360.020;

4. Grant Plaintiff Joseph L. Islas and members of all proposed Classes an injunction, enjoining Defendants First Resolution Investment Corp., Unifund CCR, LLC, and Unifund CCR Partners from collecting or attempting to collect court costs pursuant to obtaining a judgment without first filing a bill of costs pursuant to Ky. R. Civ. P. 54.04 itemizing costs; enjoining Defendants from any attempt to collect statutory lien recording fees or garnishment fees paid to court clerks of the Commonwealth of Kentucky, county clerks of the Commonwealth of Kentucky, and/or garnishees pursuant to judgments obtained in courts of the Commonwealth of Kentucky against Kentucky consumers within the meaning of the FDCPA; and enjoining Defendants from collecting or attempting to collect interest from Kentucky consumers within the meaning of the FDCPA in excess of the allowable rate under KRS 360.010;

4.     Award Plaintiff Joseph L. Islas and all members of the proposed Classes their reasonable attorney's fees and costs;

5.     A trial by jury; and

6.      Such other relief as may be just and proper.

Respectfully submitted,

/s/ James R. McKenzie
James R. McKenzie
*James R. McKenzie Attorney, PLLC*
115 S. Sherrin Avenue, Suite 4
Louisville, KY 40207
Tel:    (502) 371-2179
Fax:    (502) 257-7309
jmckenzie@jmckenzielaw.com

James H. Lawson
*Lawson at Law, PLLC*
115 S. Sherrin Avenue, Suite 4
Louisville, KY 40207
Tel:    (502) 473-6525
Fax:    (502) 473-6561
james@kyconsumerlaw.com