UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION

*Electronically Filed*

JOSEPH L. ISLAS, an individual,
on behalf of himself and all others
similarly situated,

           Plaintiff,

v.

FIRST RESOLUTION INVESTMENT
CORP., UNIFUND CCR, LLC, and
UNIFUND CCR PARTNERS

           Defendants.
_____)

Case 1:16-CV-00141-GNS

**JOINT MOTION FOR FINAL APPROVAL
OF CLASS ACTION SETTLEMENT**

Plaintiff, Joseph L. Islas, individually and on behalf of himself and all others similarly situated ("Mr. Islas"), and Defendants First Resolution Investment Corp., Unifund CCR, LLC, and Unifund CCR Partners (collectively, "Defendants"), through undersigned counsel and pursuant to Federal Rule of Civil Procedure 23, hereby respectfully move for an order granting final approval of the Class Action Settlement Agreement in this matter, and in support state as follows:

### I.    INTRODUCTION

Mr. Islas filed a putative class action Complaint against Defendants alleging that Defendants violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. (the "FDCPA") and Kentucky state law by: (1) seeking to collect prejudgment court costs that Defendants were allegedly not entitled to collect; (2) seeking to collect post-judgment court costs and fees that Defendants were allegedly not entitled to collect; and (3) seeking to collect

prejudgment and post-judgment interest that Defendants were allegedly not entitled to collect. Defendants deny all allegations contained in Mr. Islas's Complaint.

Class Counsel conducted a substantial investigation as to the factual and legal merits of the action. The Parties have fully researched the legal issues raised by this case prior to settlement. The Parties engaged in extensive settlement negotiations that lasted several months. In conjunction with these negotiations, the Parties exchanged information and documents relevant to these discussions. Through this process, Mr. Islas acquired sufficient knowledge and information to adequately assess the merits of the settlement. After reaching a settlement in principle, the Parties negotiated the full terms of the Settlement Agreement now pending before the Court for final approval.

## II.     NATURE OF THE SETTLEMENT

Pursuant to the material terms of the Settlement Agreement, for settlement purposes only, the Parties have agreed to settle this action on a class-wide basis, which will result in this Court certifying Mr. Islas and several additional plaintiffs, who filed individual lawsuits in Kentucky, as Class Representatives.

The Settlement Classes, and the benefits each class will receive, consist of:

a. **Class I: Prejudgment Court Costs Class**

   **Subclass A:** Those members of Class I against whom Defendants actually collected prejudgment court costs without filing a bill of costs itemizing the costs recovered from the consumer.

   **Settlement Benefits:** Defendants shall credit the Class Members' Judgment Balance the prejudgment court costs sought to be collected, including the court costs actually collected, plus an additional Judgment Balance credit of $25.00.

   **Subclass B:** Those members of Class I against whom Defendants attempted to, but did **not** collect prejudgment court costs without filing a bill of costs itemizing the costs sought to be recovered from the consumer.

**Settlement Benefits:** Defendants shall credit the Class Members' Judgment Balance the prejudgment court costs sought to be collected.

b. **Class II: Judgment Lien Filing Fee Class**

**Subclass A:** Those members of Class II against whom Defendants <u>actually collected a post-judgment filing fee</u> paid by Defendants to file a "Notice of Judgment Lien Upon Real Estate" pursuant to a judgment entered against the consumer.

**Settlement Benefits:** Defendants shall credit the Class Members' Judgment Balance the amount of the judgment lien filing fee sought to be collected in the amount of $13.00, plus an additional Judgment Balance credit of $25.00.

**Subclass B:** Those members of Class II against whom Defendants attempted to, but <u>did **not** collect a post-judgment filing fee</u> paid by Defendants to file a "Notice of Judgment Lien Upon Real Estate" pursuant to a judgment entered against the consumer.

**Settlement Benefits:** Defendants shall credit the Class Members' Judgment Balance the amount of the judgment lien filing fee sought to be collected in the amount of $13.00.

c. **Class III: Garnishment Filing Fee Class**

**Subclass A:** Those members of Class III against whom Defendants actually collected a post-judgment garnishment fee paid by Defendants to file a garnishment to enforce a judgment entered against the consumer.

**Settlement Benefits:** Defendants shall credit the Class Members' Judgment Balance the amount of the garnishment costs sought to be collected, including the garnishment costs actually collected, plus an additional Judgment Balance credit of $25.00.

**Subclass B:** Those members of Class III against whom Defendants attempted to, but <u>did **not** collect a post-judgment garnishment fee</u> paid by Defendants to file a garnishment to enforce a judgment entered against the consumer.

**Settlement Benefits:** Defendants shall credit the Class Members' Judgment Balance the amount of the garnishment costs sought to be collected.

d. **Class IV:** <u>**Prejudgment Interest Rate Class**</u>

> **Subclass A:** Those members of Class IV against whom Defendants <u>actually collected prejudgment interest</u> at a rate or in an amount in excess of 8% per annum simple interest on a judgment entered against the consumer.
>
>> **Settlement Benefits:** Defendants shall credit the Class Members' Judgment Balance the amount of prejudgment interest sought to be collected in excess of 8% per annum simple interest, including the prejudgment interest actually collected in excess of 8% per annum simple interest, plus an additional Judgment Balance credit of $25.00.
>
> **Subclass B:** Those members of Class IV against whom Defendants attempted to, but <u>did **not** collect prejudgment interest</u> at a rate or in an amount in excess of 8% per annum simple interest on a judgment entered against the consumer.
>
>> **Settlement Benefits:** Defendants shall credit the Class Members' Judgment Balance the amount of prejudgment interest sought to be collected in excess of 8% per annum simple interest.

e. **Class V:** <u>**Post-Judgment Interest Rate Class**</u>

> **Subclass A:** Those members of Class V against whom Defendants <u>actually collected post-judgment interest</u> at a rate or in an amount in excess of the statutory rate of 12% per year, compounded annually, on a judgment entered against the consumer.
>
>> **Settlement Benefits:** Defendants shall credit the Class Members' Judgment Balance the amount of post-judgment interest sought to be collected in excess of the statutory rate of 12% per year, compounded annually, from the date of judgment, including the amount of post-judgment interest rate in excess of the statutory rate of 12% per year, compounded annually, actually collected, plus an additional Judgment Balance credit of $25.00.
>
> **Subclass B:** Those members of Class V against whom Defendants attempted to, but <u>did **not** collect post-judgment interest</u> at a rate or in an amount in excess of the statutory rate of 12% per year, compounded annually, on a judgment entered against the consumer.
>
>> **Settlement Benefits:** Defendants shall credit the Class Members' Judgment Balance the amount of post-judgment interest sought to be collected in excess of the statutory rate of 12% per year, compounded annually, from the date of judgment.

For any participating settlement class member who, before the credits set forth above are issued, satisfied the judgment entered against them, Defendants will issue to such class member a check in the amount of the credits they would have been due under the Settlement Agreement.

For any participating settlement member whose credits set forth in the Settlement Agreement would satisfy the judgment entered against them, Defendants will issue a check in the amount of the negative balance of their account after the credits, plus $25.00. Defendants shall also file a satisfaction of said judgment paid-in-full through the credits provided for in the Settlement Agreement and Defendants shall release any judgment liens that are so satisfied through the application of credits herein.

Defendants have also agreed to pay $500 to Mr. Islas and the Representative Plaintiffs, consisting of: Weston Poynter, Kenneth Potter, Mary A. Lyon, Lydia Torian, Birgitt Spishak, Kelli Robinson, Sarah Mitchner, Robert Kondik, Scott Jones, Helena L. Gibson, Debra Cage, Wanda Evans, and Courtney Floyd. Finally, for Mr. Islas and the Representative Plaintiffs, as well as two additional individuals who made individual claims but did not file suit, Timothy L. Gaddie and Scott Stephens, Defendants shall file a satisfaction of the final judgments that were entered against them, Defendants shall release the liens recorded as to said final judgments entered against them.

The costs of the Settlement Administration, including but not limited to the costs of printing and mailing the Class Notice and checks to Class Members, shall be paid separately and directly by Defendants.

Finally, pursuant to the Settlement Agreement, the Parties agreed that the reasonable attorneys' fees, costs, and expenses for Class Counsel shall be paid by Defendants in an amount of Sixty-Five Thousand Dollars ($65,000). By separate motion, Class Counsel has sought the

Court's approval of the attorneys' fee award, as well as the incentive fee payment to Mr. Islas and the Representative Plaintiffs. [D.E. 22].

### III. DETAILS OF SETTLEMENT ADMINISTRATION

Pursuant to the Court's Order Granting Preliminary Approval of Class Settlement [D.E. 18], on January 12, 2018, the approved Class Action Notice was mailed to 1,464 Class Members by first class mail, postage prepaid, forwarding service requested to the Class Members at their last known address.[1] As of April 2, 2018, a total of 323 notices were returned as undeliverable with no forwarding address or further information provided by the United States Postal Service.[2] As of April 2, 2018, a total of 3 notices were returned by the United States Postal Service with a new address and remailed.[3]

As of the filing of this Motion, Class Counsel and Defendants' Counsel have not received any objections to the Settlement Agreement, nor have they received notice from any Class Member requesting to opt out of the Class Action Settlement Agreement. Pursuant to this Court's Order and the Court-approved Notice mailed to all Class Members, requests to opt out of the settlement were due by March 26, 2018, and objections to the settlement are due April 20, 2018. [D.E. 18].

Finally, on January 22, 2018, Defendants' Counsel provided notice of the Class Action Settlement to the United States Attorney General and the Kentucky Attorney General pursuant to 28 U.S.C. § 1715. As of the filing of this Motion, Defendants' Counsel has not been contacted by either the United States Attorney General or the Kentucky Attorney General.

---

[1] Exhibit 1, Affidavit of Bailey Hughes, at ¶¶ 5-6.
[2] *Id.* at ¶ 8.
[3] *Id.* at ¶ 9.

### IV. STANDARD OF REVIEW

The Sixth Circuit "recognizes that the law generally favors and encourages the settlement of class actions." *Franks v. Kroger Co.*, 649 F.2d 1216, 1224 (6th Cir. 1981), *vacated on other grounds and modified*, 670 F.2d 71 (6th Cir. 1992); *see also Williams v. First National Bank*, 216 U.S. 582 (1910); *Weinberg v. Kendrick*, 698 F.2d 61, 73 (2d Cir.1982); *DuPuy v. Director, Officer of Worker's Compensation Programs*, 519 F.2d 536,541 (7th Cir.1975), *cert. denied*, 424 U.S.965 (1976). "Particularly in class action suits, there is an overriding public interest in favor of settlement." *Cotton v. Hinton*, 559 F.2d 1326, 1331 (5th Cir. 1977).

When deciding whether to approve the proposed settlement, the Court must determine whether the proposal is fair, adequate, and reasonable. *See United States v. Jones & Laughlin Steel Corp.*, 804 F.2d 348, 351 (6th Cir. 1986); *Williams v. Vukovich*, 720 F.2d 909, 921 (6th Cir. 1983). "There is a strong initial presumption that the compromise is fair and reasonable." *Bronson v. Board of Educ.*, 604 F. Supp. 68, 71-72 (S.D. Ohio 1984). "Factors that guide this inquiry [into the fairness, adequacy, and reasonableness of a settlement] include: (1) the risk of fraud or collusion; (2) the complexity, expense and likely duration of the litigation; (3) the amount of discovery engaged in by the parties; (4) the likelihood of success on the merits; (5) the opinions of class counsel and class representatives; (6) the reaction of absent class members; and (7) the public interest." *Whitlock v. FSL Mgmt., LLC*, 843 F.3d 1084, 1093 (6th Cir. 2016).

Courts exercise restraint in examining a proposed settlement and recognize that "[s]ettlements, by definition, are compromises which need not satisfy every single concern of the plaintiff class, but may fall anywhere within a broad range of upper and lower limits." *In re Saxon Securities Litig.*, Fed. Sec. L. Rep. P. 92,414, 92,525 (S.D.N.Y. 1985) (quoting *Alliance to End Repression v. City of Chicago*, 561 F. Supp. 537, 548 (N.D. Ill. 1982)). Thus, in reviewing a

7

proposed settlement, courts should neither substitute their own judgment for that of the parties who negotiated the settlement, nor "reopen and enter into negotiations with the litigants in the hopes of improving the terms of the settlement." *Id.* (quoting *Argo v. Harris*, 84 F.R.D. 646, 647-48 (E.D.N.Y. 1979)); *see also Enterprise Energy*, 137 F.R.D. 240, 246 (S.D. Ohio 1990) (settlement must be viewed in its entirety and court may not modify individual terms which were the product of negotiations). As stated by the court in *City of Detroit v. Grinnell Corp.*, 495 F.2d 448, 462 (2d Cir. 1974):

> It is not necessary in order to determine whether an agreement of settlement and compromise shall be approved that the court try the case which is before it for settlement. . . . Such procedure would emasculate the very purpose for which settlements are made. The court is only called upon to consider and weigh the nature of the claim, the possible defenses, the situation of the parties, and the exercise of business judgment in determining whether the proposed settlement is reasonable.

In lieu of a more extended inquiry into the claims asserted, courts have concentrated on the "negotiating process by which the settlement was reached." *Weinberger v. Kendrick,* 698 F.2d 61, 74 (2d Cir. 1982). Courts have thus focused on whether the settlement was achieved through "arm's length negotiations" by counsel who have "the experience and ability . . . necessary to [provide] effective representation of the Class's interests." *Id.*; *see also Stotts v. Memphis Fire Department,* 679 F.2d 541, 551 (6th Cir. 1982); *Granada Investments, Inc. v. DWG Corp.,* 823 F. Supp. 448, 454 (N.D. Ohio 1993) (citing importance of arm's length negotiations); *Spencer v. Comserv Corp.,* [1986-87 Transfer Binder] Fed.Sec.L.Rep. (CCH) ¶93,124 at 95,530 (D. Minn. 1986); *In re Warner Communications Securities Litigation,* 618 F. Supp.735, 741 (S.D.N.Y. 1985), *aff'd*, 798 F.2d35 (2d Cir.1986). "There is a strong initial presumption that the compromise is fair and reasonable," *In re Saxon, supra,* at 92,414, and courts presume a settlement is fair if it has been negotiated at arm's length by experienced

counsel. *In re Inter-Op Hip Prothesis Liab. Litig.*, 204 F.R.D. 359, 380 (N.D. Ohio 2001) (citing *Duhaime v. John Hancock Mut. Life Ins. Co.*, 177 F.R.D. 54, 68 (D. Mass. 1997); *In re Orthopedic Bone Screw Prods. Liab. Litig.*, 176 F.R.D. 158, 184 (E.D. Pa. 1997) ("Significant weight should be attributed 'to the belief of experienced counsel that settlement is in the best interest of the class.").

## V. ARGUMENT

**1. Notice to the Settlement Class Has Satisfied the Requirements of Rule 23(c)(2)(B) and Constitutional Due Process Requirements.**

### A. The Form and Content of the Class Notice Satisfied the Requirements of Rule 23(c)(2)(B).

Pursuant to Federal Rule of Civil Procedure 23(b)(3), the best notice practicable under the circumstances must be sent to apprise class members of the pendency of the suit and advising them of their right to opt-out under Rule 23(c). The rule further requires that the notice for a (b)(3) class concisely and clearly state in plain, easily understood language *inter alia* the nature of the action, the definition of the class certified, the right to exclude and object, and the binding effect of the class judgment. Fed. R. Civ. P. 23(c)(2)(B).

In the instant action, the Court approved the form and content of the Notice to the Class at the time of entry of the Preliminary Approval Order. [D.E. 18; 15-5]. The Notice informed the Class Members of the material terms of the settlement as well the right of the Class Members to opt out, intervene or object to the Class Action Settlement. Accordingly, it is the position of Class Counsel and Defendants' counsel that the content and form of the Notice to the Class Members satisfies the requirements of Rule 23(c)(2)(B).

### B. The Best Notice Practicable Has Been Sent to the Members of the Class.

Rule 23(c)(2) requires "the best notice practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort." When a potential class member's address is known or is readily available with reasonable effort, individual notice by mail is required. *Eisen v. Carlyle & Jacquelyn*, 417 U.S. 156, 173 (1974).

Rule 23 does not require the parties to exhaust every conceivable method of identifying and providing notice to the individual class members. *Burns v. Elrod*, 757 F.2d 151, 154 (7th Cir. 1985). As detailed in the Settlement Administrator Report, the Settlement Administrator followed its standard practice of processing the Class List through CASS and NCOA Services to obtain the best possible addresses for the Class Members prior to mailing out the Class Notice.[4]

Accordingly, in light of the settlement benefits, "the best notice practicable" has been made by Defendants.

### 2. The Proposed Settlement is Fair, Adequate, and Reasonable.

In determining whether a proposed settlement is fair, adequate, and reasonable, this Court should consider the following seven factors: (1) the likelihood of success or recovery; (2) the amount and nature of discovery or evidence; (3) the settlement terms and conditions; (4) the recommendation and experience of trial counsel; (5) the expense and duration of future litigation; (6) the number of objections to the Settlement Agreement and the nature of the objections; and (7) the presence of good faith and the absence of collusion among the parties and attorneys. *See generally, Whitlock v. FSL Mgmt., LLC*, 843 F.3d 1084, 1093 (6th Cir. 2016); *Mayborg v. City of St. Bernard*, No 1:04-cv-249, 2007 U.S. Dist. LEXIS 77492, at *7-8 (S.D. Ohio Oct. 17, 2007).

---

[4] Exhibit 1, at ¶ 5.

Application of these factors shows that the proposed settlement is fair, adequate, reasonable, and in the best interests of the Class Members.

### A. Even with a Strong Factual and Legal Case, Class Members Face a Significant Risk in Establishing Liability and Damages.

Although Mr. Islas and the Representative Plaintiffs believe that the claims raised are meritorious, Mr. Islas and the Representative Plaintiffs recognize that ultimate success on the merits is by no means assured. During the initial part of this litigation, Defendants have made clear that if this matter were contested, it would vigorously challenge the merits of the claims of Mr. Islas and the Representative Plaintiffs. Defendants have contended and continue to contend that it has meritorious defenses to the asserted claims, even filing a Motion to Dismiss in one of the individual actions filed by a Representative Plaintiff prior to reaching a settlement in this matter.[5]

### B. The Settlement Terms and Conditions Offer Substantial Benefit to All Settlement Members.

Benefit to the Settlement Class is the fundamental test of the reasonableness of a settlement. In evaluating a settlement, the trial court should not decide the merits, or proceed from the assumption that victory is assured and that all claimed damages are properly recoverable. *See In re Domestic Air Transportation Antitrust Litig.*, 148 F.R.D. 297, 312-13 (N.D. Ga. 1993). A settlement need not obtain one hundred percent of actual damages if it represents a knowing and intelligent compromise. *See Bennett v. Behring Corp.*, 737 F.2d 982, 987 (11th Cir. 1984).

Here, the proposed settlement provides remedies directly responsive to the primary relief sought by Mr. Islas and Representative Plaintiffs: Defendants have corrected the accounts of

---

[5] *See Birgitt Spishak v. First Resolution Investment Corp., Unifund CCR, LLC, and Unifund CCR Partners*, Case No. 3:17-cv-82-DJH, United States District Court for the Western District of Kentucky, Doc. 10.

11

more than one-thousand judgment debtors. In addition, 53 class members will receive cash payments. As noted, attorneys' fees and the incentive awards are to be paid in addition to the relief for each class member.

Any unclaimed residual funds will be paid to the *cy pres* recipient, The Legal Aid Society of Louisville, Kentucky.

Thus, the Settlement Agreement provides substantial and meaningful relief, and in addition, provides the Class Members clear notice so that they could make an informed decision about whether to participate. It is also noteworthy that the Class Members will be entitled to receive all of the relief provided in the Settlement Agreement without having to submit a claim form.

### C. The Time and Expense of Protracted Litigation Makes Settlement Appropriate.

Settlement promotes the interests of the litigants by saving them the expense of trial of disputed issues and reduces the strain on already overburdened courts. *See Newman v. Stein,* 464 F. 2d 689, 691-92 (2d Cir. 1972); *Benson v. Newman,* 409 U.S. 1039 (1972*); Enterprise Energy, supra,* 137 F.R.D. at 247-48 (class action settlement serves interests of both litigants and public by avoiding a time-consuming trial and appeal). Engaging in complex litigation of this nature is a very expensive, time consuming process for the parties and the courts. With continued litigation of the issues raised in this action, Class Members who have already waited almost two years for resolution would have to wait even longer before any resolution is reached, during which time the class representative would incur additional expenses in this litigation. Of course, this time and expense is not certain to pay off with a verdict in favor of the class should this litigation continue in a trial (and, ultimately, an appeal).

By reaching the proposed settlement, the parties have dispensed with the need for further protracted litigation. Upon final approval, if given, the proposed settlement will have established a significantly faster, and guaranteed favorable resolution of the Class Members' claims.

### D. There Is No Opposition to the Proposed Settlement.

As noted above, the Class Members received notice of the proposed settlement by first class mail. In response to this notice, no objections have yet been raised[6] and no Class Members opted-out. Thus, as of the filing of this Motion, there is a unanimously favorable response to the proposed settlement, and there exists no reason to delay final approval. *Hainey v. Parrott*, 617 F. Supp. 2d 668, 675 (S.D. Ohio 2007) ("[A] small number of objections, particularly in a class of this size, indicates that the settlement is fair, reasonable and adequate."); *Kogan v. AIMCO Fox Chase, L.P.*, 193 F.R.D. 496, 503 (E.D. Mich. 2000) ("[T]he Court is greatly persuaded by the fact that none of the class members objected to the settlement agreement.").

### E. Class Counsel Has Conducted Due Diligence Discovery and Has Negotiated the Settlement From a Well-Informed Perspective.

Since this class action was initiated, the Parties have developed substantial appreciation for the merits of their respective positions before reaching an agreement as to settlement. The Parties have conducted formal and informal discovery, including the exchange of information relating to numerosity. Through this process, Class Counsel acquired sufficient knowledge and information to assess the merits of the claims and of potential settlement.

### F. Class Counsel Believes that the Settlement is Fair, Reasonable and In the Best Interests of the Class Members.

The opinion of experienced class action counsel with substantial experience in litigation of similar size and scope is an important consideration. *See In re Domestic Air Transportation Antitrust Litig.*, *supra*, 148 F.R.D. at 312. In the instant action, Class Counsel has significant

---

[6] Objections are not due until April 20, 2018. *See* [D.E. 18].

13

experience in litigating consumer class actions. "While the opinion and recommendation of experience counsel is not blindly followed by the trial court, such opinion should be given great weight in evaluating the proposed settlement." *Flinn v. FMC Corp.*, 528 F.2d 1169, 1173 (4th Cir. 1975). "Where experienced counsel have engaged in arm's length negotiations to reach a settlement, the trial court is entitled to rely on their judgment." *Spencer*, *supra,* at 95,530; *see also Williams v. Vukovich*, 720 F.2d 909, 922-23 (6th Cir. 1983) (stating that the court should defer to judgment of experienced counsel who has competently evaluated the strength of his proofs); *Enterprise Energy, supra,* 137 F.R.D. at 247 (finding that the endorsement of settlement by experienced counsel supported fairness, adequacy and reasonableness of settlement); *Ohio Pub. Interest Campaign v. Fisher Foods*, 546 F. Supp. 1, 11 (N.D. Ohio 1982) (declaring that the opinion of counsel is to be given great weight by the Court). Indeed, there is a "strong initial presumption" that an arm's length settlement arrived at by experienced counsel, and premised upon sufficient information to evaluate the claims at issue is fair. *See Feder v. Harrington*, 58 F.R.D. 171 (S.D.N.Y. 1972).

Here, the settlement is the product of extensive, adversarial, arm's length negotiations conducted by counsel experienced in all aspects of class action litigation, and particularly experienced in the FDCPA context. As discussed above, the proposed settlement offers the Settlement Class a substantial portion of the relief sought and which could be obtained at trial. Thus, in counsels' view, the proposed settlement is fair, reasonable and in the best interest of the Class Members.

By reaching the proposed settlement, the Parties have dispensed with the need for further protracted litigation. Upon final approval, if given, the proposed settlement will have established

a significantly faster and guaranteed favorable resolution of the Class Members' claims against Defendants.

### G. The Parties Negotiated the Proposed Settlement in Good Faith.

This lawsuit has been pending for over one and one half years. The proposed settlement was negotiated at arm's length, after months of intensive and protracted negotiations, and additional, detailed settlement negotiations that were conducted before the final terms of the Settlement Agreement were reached. Thus, there is not even a hint of bad faith or collusion surrounding the proposed settlement to undermine its fairness or adequacy. *See Beder v. Cleveland Browns, Inc.,* 758 N.E.2d 307 (2001).

### 3. The Court Should Enter an Order of Final Approval of the Settlement Classes.

On November 30, 2017, the Court certified the proposed classes for settlement purposes. [D.E. 18]. As of the filing of this Motion, no Party or Class Member has objected to the proposed Settlement Agreement or opted-out of the Settlement Agreement. In addition, nothing has changed since the Court's Order on Preliminary Approval that would make the class uncertifiable or that changes the bases on which the Class Action Settlement Agreement may be finally approved. For this reason, the Parties will not repeat the discussion of the reasons making certification of a settlement class appropriate here. *See* [D.E. 15].

## VI. CONCLUSION

For the foregoing reasons, Plaintiff Joseph L. Islas, on behalf of himself and all others similarly situated, and Defendants First Resolution Investment Corp., Unifund CCR Partners, and Unifund CCR, LLC, respectfully request that this Court approve the Class Action Settlement as fair, adequate, and reasonable, and grant the Parties such other and further relief as this Court deems just and appropriate.

15

This the 4th day of April, 2018.

| | |
|---|---|
| Respectfully submitted, | Respectfully submitted, |
| /s/ James R. McKenzie (w/ permission) | /s/ R. Brooks Herrick |
| James R. McKenzie | Joseph N. Tucker |
| James R. McKenzie Attorney, PLLC | R. Brooks Herrick |
| 115 S. Sherrin Ave., Suite 4 | DINSMORE & SHOHL LLP |
| Louisville, KY 40207 | 101 S. Fifth St., Suite 2500 |
| Phone: (502) 371-2179 | Louisville, KY 40202 |
| Fax: (502) 257-7309 | Phone: (502) 540-2300 |
| jmckenzie@jmckenzielaw.com | Fax: (502) 585-2207 |
| | joseph.tucker@dinsmore.com |
| James H. Lawson | brooks.herrick@dinsmore.com |
| Lawson at Law, PLLC | *Counsel for Defendants First* |
| 115 S. Sherrin Ave., Suite 4 | *Resolution Investment Corp., Unifund* |
| Louisville, KY 40207 | *CCR, LLC, Unifund CCR Partners* |
| Phone: (502) 473-6525 | |
| Fax: (502) 473-6561 | |
| james@kyconsumerlaw.com | |
| *Counsel for Plaintiff* | |

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing has been filed this 4th day of April, 2018, using the Court's ECF system to the following.

| | |
|---|---|
| James R. McKenzie | James H. Lawson |
| James R. McKenzie Attorney, PLLC | Lawson at Law, PLLC |
| 115 S. Sherrin Ave., Suite 4 | 115 S. Sherrin Ave., Suite 4 |
| Louisville, KY 40207 | Louisville, KY 40207 |
| Phone: (502) 371-2179 | Phone: (502) 473-6525 |
| Fax: (502) 257-7309 | Fax: (502) 473-6561 |
| jmckenzie@jmckenzielaw.com | james@kyconsumerlaw.com |

/s/ R. Brooks Herrick
*Counsel for Defendants*

12552259v1