UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION

JOSEPH L. ISLAS, an individual,
on behalf of himself and all others
similarly situated,

                      Plaintiff,

v.                                              Case 1:16-CV-00141-GNS

FIRST RESOLUTION INVESTMENT
CORP., UNIFUND CCR, LLC, and
UNIFUND CCR PARTNERS

                      Defendants.

## FINAL ORDER APPROVING
## CLASS ACTION SETTLEMENT AGREEMENT

This matter is before the Court upon the Joint Motion for Final Approval of the Class Action Settlement Agreement filed by Plaintiff, Joseph L. Islas, individually and on behalf of himself and all others similarly situated ("Mr. Islas"), and Defendants First Resolution Investment Corp., Unifund CCR, LLC, and Unifund CCR Partners (collectively, the "Defendants"). The Court having reviewed the Parties' Joint Motion for Final Approval of the Class Action Settlement Agreement, this matter having come on for hearing on May 10, 2018, and the Court being otherwise sufficiently advised, **IT IS HEREBY ORDERED:**

1.     The total number of Class Members is 1,464.

2.     Notice was sent by first class mail to 1,464 persons at their last known address using Accessible Contact Information.

3.     The United States Postal Service returned 323 Notices to the Settlement Administrator, First Class, Inc. as undeliverable. First Class, Inc. forwarded 3 returned Notices to

forwarding addresses provided by the United States Postal Service and a skip-trace was performed to locate Class Members.

4.   No Class Members have made objections to the Settlement.

5.   From a total of 1,464 Class Members, no members properly excluded themselves from the Settlement.

Based on the foregoing, it is **HEREBY ORDERED AND ADJUDGED** that the Parties' Joint Motion for Final Approval of the Class Action Settlement Agreement is **GRANTED**.

It is further **ORDERED AND ADJUDGED** that:

1.   <u>Definitions</u>.   For the purposes of this Order Granting Final Approval of the Class Action Settlement and Order of Dismissal with Prejudice (the "Order"), the Court adopts by reference each and every definition set forth in the Definitions section and throughout the Settlement Agreement. (DN 15-1).

2.   <u>Notice</u>.   The Court finds that the distribution of the Notice as provided for in the Preliminary Approval Order (DN 18) fully and accurately informed all Class Members entitled to notice of the material elements of the Settlement Agreement, constituted the best notice practicable under the circumstances, constituted valid, due and sufficient notice, and complied fully with Federal Rule of Civil Procedure 23, the United States Constitution, and any other applicable law.

3.   <u>Objections</u>.   The Court finds that after proper notice to the Class Members and after sufficient opportunity to object, no timely objections to the Settlement Agreement have been made. All Class Members who have not made their objections to the Settlement Agreement in the manner provided in the notice are deemed to have waived any objections by appeal, collateral attack, or otherwise.

4.     Exclusions.     The Court finds that after proper notice to the Class Members and after sufficient opportunity to request to be excluded from the Class, no Class Members requested exclusion from the Settlement Agreement. All Class Members who have failed to properly file requests for exclusion (requests to opt out) from the Settlement Agreement are bound by the terms and conditions of the Settlement Agreement and this Order.

5.     Final Approval.     The Court finds that the Settlement is fair, reasonable, adequate, in the best interests of the Class Members under Federal Rule of Civil Procedure 23, was entered into in good faith, and serves the public interest. Accordingly, the Court approves final certification of the Classes for purposes of effecting the Settlement Agreement, approves the Settlement Agreement, and directs that the Parties implement it, as follows:

   a. The Parties are directed to implement the Settlement in accordance with all its terms;

   b. The Settlement Administrator First Class, Inc. is authorized and directed to distribute checks to those Class Members entitled to receive checks, pursuant to the Settlement Agreement and this Order;

   c. All Class Members shall, as of the entry of Final Judgment, conclusively be deemed to have released and forever discharged Defendants and their Related Parties from all Released Claims, and all Class Members are forever enjoined and barred from asserting, instituting, or prosecuting in any capacity, before any court or governmental agency, any action or proceedings against the Defendant that asserts any Released Claims.

   d. Nothing herein shall alter, amend, or terminate the right of Defendants and its clients to collect any remaining Judgment Balance after receiving the Judgment

Credit, for any Account. Nothing herein shall otherwise release or discharge (1) any legally enforceable claim that Defendants and its clients may have against any Class Member or any other person or entity, or (2) any legally enforceable lien that Defendants may have against any or all Class Members or any other person or entity, unless otherwise indicated in the Settlement Agreement. Nothing herein shall otherwise void or abrogate the contractual obligations of any Settlement Class Member nor impair or limit any right of cause of action by the Class to dispute the remaining underlying judgment amount owed to Defendants and its clients after receiving the Judgment Credit.

6. <u>Class Representative Incentive Award</u>. The Court finds that the Class Representative Award is fair and reasonable under the circumstances and directs that the stipulated and agreed upon amount of $500.00 shall be paid to the Representative Plaintiffs within the time period provided in the Settlement Agreement. Thus, contemporaneously herewith, the Court will enter an Order granting Mr. Islas's unopposed Motion for an Order Awarding the Incentive Payment. (DN 22).

7. <u>Attorneys' Fees, Costs and Expenses</u>. The Court finds that Class Counsel's hourly rate of $300 per hour is reasonable. The Court relies on its experience with local attorney's fees, the reasonableness of the parties' Settlement Agreement, and the representations of Class Counsel and Jason L. Hargadon in making this finding. The Court finds that the number of hours worked by Class Counsel was reasonably necessary. Accordingly, the Court approves of the stipulated and agreed upon total amount of $65,000, directs that it shall be paid to Class Counsel within the time period provided in the Settlement Agreement, and, contemporaneously

herewith, the Court will enter an Order granting Mr. Islas's unopposed Motion for an Order Awarding Attorneys' Fees and Expenses. (DN 22).

8. <u>Other Provisions</u>. All other provisions of the Settlement Agreement are incorporated into this Order as if fully rewritten herein. To the extent that the terms of this Order conflict with the terms of the Settlement Agreement, the Settlement Agreement shall control.

9. <u>Dismissal</u>. This Action is dismissed with prejudice; subject, however, without affecting the finality of this Order, to this Court retaining exclusive and continuing jurisdiction over the Action and the settling Parties for the purposes of, among other things: (i) supervising the implementation, enforcement, construction, and interpretation of the Settlement Agreement, the Preliminary Approval Order, and this Order; and (ii) supervising the administration and distribution of the relief to the Class Members and resolving any disputes that may arise with regard to any of the foregoing.

10. <u>No Admission</u>. Defendants deny having engaged in any improper, wrongful or illegal activity or having violated any law or regulation or that any person or entity has suffered any harm or damages as a result of any conduct alleged in the Action. Defendants have agreed to the terms of the Settlement Agreement solely in the interest of avoiding costly and protracted litigation and the risk of an uncertain outcome in the Action. The Settlement Agreement and all negotiations, papers, writings, statements and/or proceedings in connection therewith are not, and shall not in any way be construed or used as or deemed to be evidence of an admission or concession on the part of Defendants of fact, law or otherwise, including but not limited to:

    a. An admission or concession of any liability or wrongdoing;

    b. An admission or concession that any of the Class Members have suffered damages; or

    c. An admission or concession that this case is properly maintainable as a class action apart from the Settlement Agreement.

Neither the Settlement Agreement nor any document associated with it shall be deemed to be or construed as an admission by any settling Party of any act, matter, proposition, or as reflecting any merit or lack of merit of any claim or defense, including but not limited to the appropriateness of class treatment in this Action.

    11. <u>No Reason for Delay</u>. There is no just reason for delay, and this is a final, appealable order.

    12. <u>Costs</u>. The dismissal of this action shall be without costs taxed to either party.

**Greg N. Stivers, Judge**
**United States District Court**
May 10, 2018